Freemaít, J.,
delivered the opinion of the court.
Joyner & Son were indebted to the defendants, and it was agreed that the former should ship the bale of cotton in this case to the latter, by whom its proceeds, when sold, should be appropriated to the payment of the debt.
The cotton was accordingly shipped to Bartlett,. Gould, & Heath as cotton factors, to be sold for this-purpose. When the boat on which it was shipped-arrived at the wharf at Memphis, the bill of lading was sent to Bartlett, Gould, & Heath; but before any thing was done by them to reduce the cotton to possession, it was attached by Saunders, whereupon the- . factors replevied it in this suit.
We take it to be clear that the consignors were the owners of the property. It was not a sale. The factors had no lien,- either general or special, on the *318 cotton, without actual or constructive possession. The possession of the bill of lading was not such a possession of the cotton in this case. It only gave the authority to reduce the cotton to possession as consignees. See Woodruff v. The N. & C. R. R. Co., 2 Head, 94.
The case of Kinlach v. Craig, 3 Term, 119, cited and approved by Judge Wright in 2d Head, was a much stronger case than the one now under considertion; yet it was held that the rights of the consignee liad not attached.
The next point presented by counsel is, that the attachment was against Kodney Joyner, Jr., the second member of the firm, and not against the firm; and that, therefore, the sheriff was a trespasser, not having the right to take possession of the property.
This question is one of some difficulty, as the authorities are contradictory. Assuming that the owners were partners, it presents the question, whether the sheriff can levy an attachment against one of the partners on the property of the firm, and take possession by virtue of such levy.
We think it settled in Tennessee that he may do so under an execution; but he can sell only the interest of the partner against whom the process is issued. Haskins v. Everett, 4 Sneed, 531. The same doctrine was laid down in a case of joint ownership. Rains v. McNairy, 4 Hum., 358. Such seems to be the weight of authority in most of the other States •of the Union, as well as in England. In fact it would seem to follow as a matter of necessity from *319 allowing the interest of the partner to be sold, or taken at all under process against him. See 1st Am. Lead. Cases, 382, 384, Ed. 1871. We therefore hold that the attachment was properly levied on the interest of Rodney Joyner, Jr., whether he was a partner or joint owner; that the sheriff was properly in possession of the cotton; and that the plaintiffs below had not the right to possession as against him.
We see no error in the charge. So far as it goes it is correct. It might have been fuller on the questions presented, but no request was made for any additional instructions.
Let the judgment be reversed.